Michelle R Burrows 861606
LAW OFFICE MICHELLE R. BURROWS P.C.
16869 SW 65th Ave. # 367
Lake Oswego, OR 97035
503-241-1955
Michelle.r.burrows@gmail.com
www.oregoncivilrights.com

      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| ASHLEY D. ANDREWS, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF SAINT HELENS, a Municipal Corporation, ADAM S. RAETHKE, JAMIN W. COY, and EVIN V. EUSTICE,<br><br>      Defendants. | No.: 3:22-cv-01128<br><br>COMPLAINT<br>4th and 14th Amendments of the U.S. Constitution: Unreasonable Seizure, Excessive Force<br><br>42 U.S.C. § 1983<br><br>DEMAND FOR JURY TRIAL |

      COMES NOW plaintiff, by and through her undersigned attorney, and for the following causes of action against the defendants, and each of them, allege as follows:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the subject matter arising under the United States Constitution and pursuant to 28 U.S.C. § 1331 and 28 USC § 1343(a)(3)-(4). This Court further has supplemental jurisdiction over plaintiff's claims arising under state law which derive under a

1 - COMPLAINT

common nucleus of operative facts such that plaintiff would be expected to try all claims in a single judicial proceeding pursuant to 28 USC § 1367.

2.

Venue is proper under 28 USC § 1391 because the acts giving rise to this lawsuit occurred in Saint Helens, Oregon.

**PARTIES**

3.

At all relevant times hereto, Plaintiff Ashley Andrews was a resident of Washington State. At the time of her injuries, she was visiting her mother in Saint Helens, Oregon.

4.

Saint Helens, Oregon is a municipal corporation with the right to sue and be sued. It is responsible for the policies and procedures of the Saint Helens Police Department and the police officers it employs.

5.

Defendant Adam S. Raethke was a certified police officer of the Saint Helens Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

6.

Defendant Jamin W. Coy was a certified police officer of the Saint Helens Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

//

//

7.

Sergeant Evin Eustice was a certified police officer of the Saint Helens Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

**FACTS**

8.

On August 12, 2020, Plaintiff Ashley Andrews was visiting her mother Angel Powell at 210 North 12th Street, Saint Helens, Oregon 97051.

9.

Plaintiff regularly visited her mother to help her. During the visit on August 12, 2020, Plaintiff was assaulted and injured by her sister Alyssa Jones. Plaintiff called the police via 911 and reported that she had been physically attacked there by Ms. Jones.

10.

Plaintiff reported to police that Alyssa Jones bit her hand and physically assaulted her. Defendants Coy and Raethke (Defendant Officers) after hearing the dispatch information responded to 210 North 12th St. They were both in uniform and carrying weapons.

11.

Defendant Coy observed two red marks on the middle of the right of Plaintiff's neck and a small mark on the inner side of her left thumb consistent with a bite mark from a single tooth. Defendant Officers took statements from Plaintiff, Ms. Jones and Ms. Powell.

12.

Alyssa Jones told Defendant Officers that Plaintiff became angry about Ms. Jones applying for state benefits when she was not homeless. She claimed that Plaintiff punched her

but denied medical evaluation, stating that she was not injured and did not feel any pain during her fight with Ashley.

13.

Defendant Officers did not observe any injuries to Alyssa Jones.

14.

Alyssa Jones had a two-year-old daughter with her at the time of her assault on Plaintiff. Alyssa Jones and Angel Powers were motivated to tell police that Plaintiff was the aggressor in the dispute because Alyssa Jones had a prior history with child protective services, and they feared that her two-year-old would be taken out of her home if she were arrested for assaulting Plaintiff.

15.

Defendant Officers called paramedics to the residence to treat Plaintiff's bite injury.

16.

Despite finding marks of an assault on Plaintiff and thinking that an arrest was not mandatory under the circumstances, Defendant Officers decided to arrest Plaintiff for the charges of Disorderly Conduct II and Harassment because they wanted to ensure that Plaintiff would not commit a future offense at the residence. The officers are required by law to arrest both parties in a domestic violence situation.

17.

Plaintiff moved toward her auto to place her backpack inside because she was concerned her things would be stolen. Defendant Coy told her to stop and that she was under arrest. Plaintiff requested permission to put her backpack in her vehicle to secure it.

//

4 - COMPLAINT

18.

When Plaintiff did not immediately comply with his command, Defendant Coy grabbed for her, caught her backpack and swung her around. Plaintiff's momentum caused her right arm to swing around, appearing to be an attempt to strike Defendant Coy. Plaintiff's flailing arm missed Defendant Coy.

19.

Defendant Raethke observed this interaction and shoved Plaintiff into the wall of the house, slamming her into the foundation with enough force to break off a piece of the concrete, damaging the house. Both officers are substantially larger than Plaintiff. Both assaulted her. Both officers were armed.

20.

After the officers violently slammed Plaintiff into the house she feared for safety and held up her hands in a defensive motion. Plaintiff is approximately 4'11" and weighed about 115 pounds. At this point in the encounter, Plaintiff had already been violently slammed into a wall and was deeply frightened.

21.

Defendant Raethke punched Plaintiff in the face, shattering her eye socket. This also caused neurological damage making Plaintiff disoriented and blinded by the punch. The officers threw her to the ground, handcuffed her and continued to punch her with closed fists in the side, stomach and back. It is believed one of the officers kicked Plaintiff in the side while she was struggling on the ground defenseless.

//

//

22.

Plaintiff experienced fractures to her face and socket, a concussion and likely brain swelling. She immediately began vomiting blood and spit up a piece of her own facial bone. She lost consciousness and was in significant pain. The blows and kicks by the officers to her person caused her ribs and hips to fracture and made breathing difficult. It is believed she lost consciousness several times.

23.

Defendant Officers arrested Plaintiff on charges of disorderly conduct II, harassment, resisting arrest, assault on a public safety officer, and interfering with police.

24.

Sergeant Eustice came to the hospital ordering Plaintiff to immediately be released. Plaintiff was discharged to Sgt. Eustice against medical advice and prior to the completion of medical care for her injuries.

25.

Plaintiff has been diagnosed with orbital fracture, cognitive mental problem, traumatic brain injury, deviated septum, continued loss of vision, and damage to muscles in her neck. She has seen physicians several times and continues to suffer from loss of memory, balance issues, disorientation, clouded thinking, extreme pain, bruising and fractures in her face, ribs and hips. It is not known if she will suffer permanent brain damage and loss of vision, but it is expected those faculties will not fully return.

26.

On or about August 26, 2020, the charges on which Plaintiff was arrested were dismissed on the Prosecutor's motion.

27.

Neither officer received any discipline as a result of the excessive and brutal beating of Plaintiff.

**FIRST CLAIM FOR RELIEF: No Probable Cause Arrest**
**42 U.S. C. 1983, 4th Amendment**
**Individual Defendants**

28.

The Plaintiff realleges all previous paragraphs as if more fully set forth.

29.

Plaintiff is entitled to protections under the 4th Amendment to the United States Constitution to be free from detention and arrest by law enforcement except when the officers have probable cause to believe Plaintiff committed a crime or was about to commit a crime. The probable cause must be subjectively reasonable based upon objective facts supporting the probable cause.

30.

Defendant Officers violated Plaintiff's rights when they arrested her, lacking probable cause to believe she had committed a crime. Defendant Officers lacked probable cause to arrest the Plaintiff on charges of disorderly conduct II, harassment, resisting arrest, assault on a public safety officer, and interfering with police.

31.

The acts of Defendant Officers violated the Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 USC §1983.

//

//

32.

Defendants in a supervisory capacity are held liable for constitutional violations due to their own culpable action or inaction either through (a) their own direct participation in the violations; (b) failure to train, supervise or control subordinates; (c) their own acquiescence in the constitutional deprivations; (d) failure to remedy a wrong after learning of the violation; (e) creating a custom, practice or policy that leads subordinate staff to commit constitutional violations or allowing such custom, practice or policy to continue; or (f) other conduct which shows a reckless or callous indifference to the constitutional rights of others.

33.

Upon information and belief, Sgt. Eustice authorized and/or acquiesced to the conduct alleged herein which caused Ms. Andrews' injuries. He also interfered with medical care thus compounding Plaintiff's damages.

34.

At all times material, the law was clearly established that Defendants' seizure of Plaintiff in the manner and under the circumstances was unreasonable, and any objectively reasonable police officer would have known that the seizure of Plaintiff violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and Defendants each knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

35.

Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

//

36.

As a direct and proximate result of Defendants' unconstitutional acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

37.

Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

**SECOND CLAIM FOR RELIEF: Unreasonable Use of Force**
**42 U.S.C. 1983 4th Amendment to the United States Constitution**
**Individual Defendants**

38.

The Plaintiff realleges all previous paragraphs as if more fully set forth herein.

39.

Plaintiff is entitled to be free from unlawful seizure of their person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendants violated Ms. Andrews' rights to be free from undue, unreasonable, and deadly force in the following ways:

A. Because there was no probable cause to even arrest Plaintiff, all use of force is unlawful and unconstitutional *per se*.

B. Defendant Officers used objectively unreasonable excessive force when they slammed Plaintiff into a wall causing her to become disoriented and injured and perhaps causing the first brain injury.

C. Defendant Officers used objectively unreasonable and malicious force when they slammed a closed fist into Plaintiff's face without justification and without any objectively reasonable basis, breaking the bones in her face and jaw including her

occipital orbit. This striking of Plaintiff was not intended to defend themselves but was simply intended to inflict pain and punish Plaintiff.

D. After the first two assaults on her body, Defendant Officers took Plaintiff to the ground, restrained her and continued to slam their fists into her sides breaking and fracturing her ribs and hips, slamming their knees into her sides and later kicking her when she was unconscious on the ground. Plaintiff presented no threat at all to the officers. She was unconscious and was not resisting and was suffering from brain swelling, bleeding from her face into her stomach causing her to vomit bright red blood and eventually bones from the fractures in her face. None of this conduct was objectively reasonable use of force.

E. Any criminal charges filed by the officers was contrived to cover up their malicious and unjustifiable use of force.

40.

At all times material, the law was clearly established that Defendant Officers' use of force, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable officer would have known that the force used against Plaintiff was unreasonable and violated her clearly established Fourth Amendment rights. Defendant Officers' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

41.

Defendant Officers' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

//

42.

As a direct and proximate result of Defendants' unconstitutional and retaliatory acts, Plaintiff suffered extreme physical injury including a concussion, broken bones in her face, loss of consciousness, bleeding into her stomach, loss of memory, broken bones in her ribs and hips, loss of cognition, and deterioration in her ability to walk or work. As a result of the vicious and unconstitutional beating, Plaintiff suffered extreme psychological harms, fear, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

43.

Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

**THIRD CLAIM FOR RELIEF: Supervisory Liability**
**42 U.S.C. 1983 4th Amendment**
**Sgt. Eustice**

44.

Sergeant Evin Eustice is a supervisor with the St. Helens Police Department.

45.

Defendants in a supervisory capacity are held liable for constitutional violations due to their own culpable action or inaction either through (a) their own direct participation in the violations; (b) failure to train, supervise or control subordinates; (c) their own acquiescence in the constitutional deprivations; (d) failure to remedy a wrong after learning of the violation; (e) creating a custom, practice or policy that leads subordinate staff to commit constitutional violations or allowing such custom, practice or policy to continue; or (f) other conduct which shows a reckless or callous indifference to the constitutional rights of others.

46.

Upon information and belief, Sgt. Eustice authorized and/or acquiesced to the conduct alleged herein which caused Plaintiff's injuries.

### FOURTH CLAIM FOR RELIEF: Monell Liability
### 42 U.S.C. 1983 4th Amendment
### City of St. Helens

47.

The Plaintiff realleges all previous paragraphs as if more fully set forth herein.

48.

Defendant Saint Helens, Oregon at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

A. The use of objectively unreasonable and excessive force on detainees and arrestees.

B. Using disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct.

C. Overcharging arrestees with resisting arrest and assault on a police officer when they were simply engaging in passive resistance. Passive resistance is not lawfully resisting arrest in Oregon.

D. Using extreme force even while being supervised and no officer is thereafter disciplined for nearly killing suspects.

E. The Saint Helens Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complainant if the citizen has corroboration from another person, if at all.

//

12 - COMPLAINT

49.

The above-described policy, custom, or practice was the direct proximate cause of Defendants Coy and Raethke violating the Plaintiff's 4th and 14th Amendment rights, enforceable through 42 USC §1983.

**SUPPLEMENTAL JURISDICTION CLAIMS**
**FIFTH CLAIM FOR RELIEF**
**COMMON LAW – FALSE ARREST**
**City of St. Helens**

50.

The Plaintiff realleges all previous paragraphs as if more fully set forth.

51.

Defendants Coy and Raethke detained and arrested the Plaintiff without reasonable suspicion or probable cause and only to cause harm and punish Plaintiff for being passively resistant to arrest.

52.

The aforesaid acts of Defendant Officers were taken within the scope of their employment by Defendant Saint Helens, Oregon.

53.

The unlawful acts of Defendant Officers were the direct, proximate cause of the Plaintiff's injuries.

**SIXTH CLAIM FOR RELIEF**
**COMMON LAW – ASSAULT AND BATTERY**
**City of St. Helens**

54.

The Plaintiff realleges all previous paragraphs as if more fully set forth.

//

55.

By their words and acts, Defendant Officers threatened to do bodily harm to the Plaintiff.

56.

By using excessive force and unreasonable force, Defendant Officers caused harmful or offensive bodily contact with the Plaintiff causing extreme injuries and without any legal justification, while plaintiff was either restrained or unconscious.

57.

The aforesaid acts were unprivileged.

58.

The aforesaid acts of Defendant Officers were the direct, proximate cause of the Plaintiff's injuries.

## SEVENTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

59.

Plaintiff realleges all previous paragraphs as if more fully set forth herein.

60.

Defendant Officers initiated charges of disorderly conduct II, harassment, resisting arrest, assault on a public safety officer, and interfering with police with malice and without probable cause.

61.

Those charges terminated in Plaintiff's favor.

62.

The acts of Defendants Coy and Raethke were taken within the scope of their employment by Saint Helens, Oregon.

## JURY TRIAL

63.

The Plaintiff Demands a trial by jury on all issues so triable.

64.

Plaintiff is entitled to her attorney fees on the Constitutional claims pursuant to 42 U.S.C. §1988.

## PRAYER

WHEREFORE, Plaintiff seeks the following relief:

1. Compensation for past, present, and future counseling, medical, and related health care expenses, all in amounts to be proven at trial;

2. Compensatory and general (non-economic) damages for past, present, and future pain and suffering, severe emotional distress, humiliation, anxiety, depression, loss of enjoyment of life, her brain injury, impact on pregnancy, and any other general and non-pecuniary damages as opined by plaintiff's experts, all in amounts to be proven at trial;

3. For prejudgment interest of liquidated damages;

4. For punitive damages, as allowable under federal law for violation of 42 USC §1983 and any other federal law for which punitive damages are recoverable;

5. For reasonable attorneys' fees and costs of litigation, pursuant to 42 USC §1988 or other applicable federal law; and

6. For such other further relief as the Court may deem just and equitable.

//
//
//
//
//

Dated this 3rd day of August 2022.

                                                Respectfully submitted,

                                                /s/Michelle R. Burrows
                                                Michelle R. Burrows OSB86160
                                                Attorney for Plaintiff