Aaron P. Hisel, OSB #161265
aaron@capitol.legal
Rebeca A. Plaza, OSB #053504
rebeca@capitol.legal
Capitol Legal Services LLC
901 Capitol St. NE
Salem, OR 97301
    Telephone: (503) 480-7250
    Fax: (503) 779-2716
        Attorneys for Defendants City of St. Helens,
        Adam Raethke, and Evin Eustice

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ASHLEY D. ANDREWS, an individual, | Case No. 3:22-cv-01128-YY |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| CITY OF SAINT HELENS, a Municipal Corporation, ADAM S. RAETHKE, and EVIN V. EUSTICE, | **(Request for Jury Trial)** |
| Defendants. | |

For their Answer to Plaintiff's First Amended Complaint, Defendants City of St. Helens,

Adam Raethke, and Evin Eustice ("Defendants"), hereby admit, deny and allege as follows:

1.

In response to paragraphs 1 and 2 of the First Amended Complaint, these are Plaintiff's

legal theories and legal conclusions to which no response is required.

Page 1 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

2.

In response to paragraph 3, admit that based upon information and belief, Plaintiff's legal name at the time of this incident was Ashley Andrews. Defendants are without sufficient information to admit or deny Plaintiff's place of residence or her reason for being in St. Helens, Oregon, during the underlying event, and on that basis, deny.

3.

In response to paragraph 4, admit the City of St. Helens is a political subdivision of the State of Oregon. The remainder of the allegations contained in this paragraph are Plaintiff's legal conclusions and legal theories that do not require a response. To the extent any other facts requiring a response are alleged, they are denied.

4.

In response to paragraphs 5 and 6, admit that Adam Raethke and Evin Eustice are certified police officers employed by the City of St. Helens; that they were acting at all times material within the course and scope of their employment; that Officer Raethke has previously worked in a corrections environment; and that Officer Raethke serves our Country as a member of the military. Except as so admitted, deny.

5.

In response to paragraphs 7, 8, 9, 10, 11, 12, Defendants admit that on August 12, 2020, Officer Coy and Officer Raethke responded to a 911 call related to a domestic dispute involving Plaintiff at 210 North 12th Street, St. Helens, OR 97051; that the officers were responding to reports of an altercation between Plaintiff and another family member; that they were in uniform when they arrived at the scene; that both individuals were interviewed; that the interviews were recorded; and that photographs were taken. Except as so admitted, deny.

Page 2 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

6.

In response to paragraphs 13, 14, 15, 16, and 17, Defendants admit Officers Coy and Raethke conferred and determined there was probable cause to arrest Plaintiff; that Plaintiff was told she could finish her cigarette; that Plaintiff refused to obey lawful instructions by Officer Coy that Plaintiff not approach or attempt to enter a nearby vehicle; that Officer Coy grabbed Plaintiff's bag as she attempted to leave and/or access the nearby vehicle; that Plaintiff attempted to strike Officer Coy when he tried to stop her; that Plaintiff continued to resist arrest, including clawing at Officer Raethke's face and neck area; that Officer Raethke delivered a single strike to Plaintiff's face area in direct response to Plaintiff clawing at his face; and that Plaintiff stopped resisting arrest only after being struck by Officer Raethke. Except as so admitted, deny.

7.

In response to paragraph 18, Defendants admit paramedics were called; Plaintiff was taken to the Legacy Emanuel Emergency Department for evaluation and treatment; and that based on medical records currently available to Defendants, it appears Plaintiff was diagnosed with a closed orbital fracture. Except as so admitted, deny.

8.

In response to paragraphs 19 and 20, Defendants admit Officer Raethke was initially directed to attempt to identify additional witnesses or home security cameras; that the text messages referenced in paragraph 19 speak for themselves; that both Officer Raethke and Officer Coy wrote reports documenting the incident in question; and that Sergeant Treat reviewed the body-worn camera footage of the incident.  Except as so admitted, deny.

//

//

//

Page 3 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

9.

In response to paragraphs 21, 22, and 23, Defendants admit Plaintiff scratched Officer Raethke's neck and throat area when he was trying to take her into custody; that St. Helens Police Department Sergeant Castilleja interviewed Plaintiff at the hospital; and that the entirety of the selectively referenced St. Helens Police Department policy speaks for itself. Except as so admitted, deny.

10.

In response to paragraph 24, Defendants admit that Officer Raethke is 5'11"; that at the time of the underlying event he was in good physical health; and that Officer Raethke serves our Country as a member of the military. Defendants are without sufficient information to admit or deny the remaining allegations, and on that basis, deny. Except as so admitted, deny.

11.

In response to paragraph 25, deny.

12.

In response to paragraph 26, admit that Officer Raethke's use of force was reviewed and that after a thorough investigation, his actions were determined to be within St. Helens Police Department Policy.  Except as so admitted, deny.

13.

In response to paragraph 27, admit that the Columbia County District Attorney conducted a separate review of the underlying event for criminal prosecution purposes and concluded that "no reasonable prosecutor could charge Officer Raethke." Defendants admit that Columbia County District Attorney Jeff Auxier's November 30, 2020, memorandum documenting the District Attorney's review, speaks for itself.  Defendants further admit that as part of the District Attorney's

Page 4 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

review for criminal charging consideration, the District Attorney's office consulted with other third parties including a use-of-force expert. Except as so admitted, deny.

14.

In response to paragraph 28, Defendants admit that all criminal charges against Plaintiff relating to the underlying event were dismissed.

15.

In response to paragraph 29, Defendants are without sufficient information to admit or deny the allegations, and on that basis, deny.

16.

In response to paragraph 30, deny.

17.

In response to paragraph 31, Defendants admit and deny as alleged above in responses to paragraphs 1 through 30.

18.

In response to paragraphs 32, 33, 34, 35, and 36, these paragraphs contain Plaintiff's legal theories, legal conclusions, and prayer, to which no response is required. Defendants deny that Officer Raethke used excessive force. To the extent that any other facts are alleged requiring a response in any of these paragraphs, they are denied unless expressly admitted herein above.

19.

In response to paragraphs 37, 38, and 39, these paragraphs contain Plaintiff's legal theories and legal conclusions to which no response is required. To the extent that any other facts are alleged requiring a response in any of these paragraphs, they are denied.

//

//

Page 5 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

20.

In response to paragraph 40, Defendants admit and deny as alleged above in responses to paragraphs 1 through 39.

21.

In response to paragraphs 41 and 42, these paragraphs contain Plaintiff's legal theories and legal conclusions to which no response is required. To the extent that any other facts are alleged requiring a response in any of these paragraphs, they are denied.

22.

In response to paragraph 43, Defendants admit and deny as alleged above in responses to paragraphs 1 through 42.

23.

In response to paragraphs 44, 45, 46, and 47, these paragraphs contain Plaintiff's legal theories and legal conclusions to which no response is required. Defendants deny that Officer Raethke committed an assault and battery. To the extent that any other facts are alleged requiring a response in any of these paragraphs, they are denied.

24.

In response to paragraph 48, Defendants admit and deny as alleged above in responses to paragraphs 1 through 47.

25.

In response to paragraphs 49, 50, and 51, these paragraphs contain Plaintiff's legal theories, legal conclusions, and prayer to which no response is required. To the extent any facts are alleged requiring a response in any of these paragraphs, they are denied.

//

//

Page 6 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

26.

In response to paragraphs 52, 53, and prayer, these paragraphs contain Plaintiff's legal theories, legal conclusions, and prayer, to which no response is required. To the extent any facts are alleged requiring a response in any of these paragraphs, they are denied.

27.

**FOR A FIRST AFFIRMATIVE DEFENSE**, Defendants allege:

(Failure to State a Claim)

Plaintiff's Amended Complaint fails to state facts sufficient to constitute a claim for one or more of the claims alleged against Defendants.

28.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Defendants Raethke and Eustice allege:

(Qualified Immunity)

Officers Raethke and Eustice are entitled to qualified immunity from any constitutional claim in that their conduct did not violate any clearly established law and their actions were objectively reasonable under the circumstances.

29.

**FOR A THIRD AFFIRMATIVE DEFENSE,** Defendants allege:

(Objectively Reasonable Justification / Failure to Mitigate)

The conduct at issue was necessitated by Ms. Andrews' own conduct; Officers were attempting to lawfully detain Ms. Andrews when she unlawfully resisted arrest. The conduct of Officer Raethke was objectively reasonable under the circumstances.

//

//

//

Page 7 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

30.

**FOR A FOURTH AFFIRMATIVE DEFENSE,** Defendants allege:

(Limitations under the Oregon Tort Claims Act)

Plaintiff's state law claims are subject to the conditions, limitations, immunities, and restrictions of the Oregon Tort Claims Act, as set forth in ORS 30.260 *et seq.* including, but not limited to, timely tort notice being plead and proven, discretionary immunity as to Plaintiff's policy attacks, and limitations on damages under the state law theories of recovery.

31.

**FOR A FIFTH AFFIRMATIVE DEFENSE,** Defendants allege:

(Good Faith)

The actions of Officer Raethke were done in good faith and without malice.

WHEREFORE, having fully responded to Plaintiff's First Amended Complaint, Defendants request judgment in their favor and against plaintiff.

DATED this 24th day of May, 2024.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Rebeca A. Plaza, OSB #053504
Of Attorneys for Defendants

Page 8 – **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S

FIRST AMENDED COMPLAINT on:

> Michelle Burrows
> Michelle Burrows PC
> 16869 SW 65th Ave. Ste. #367
> Lake Oswego, OR 97035
>     Attorney for Plaintiff
>
> Ezra Glanzer
> Glanzer Law PLLC
> 2024 W Northwest Blvd.
> Spokane, WA 99205
>     Attorney for Plaintiff
>
> Rian Peck
> Visible Law
> 333 SW Taylor Street Ste. 300
> Portland, OR 97204
>     Attorney for Plaintiff

by the following indicated method or methods:

☒       by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 24th day of May, 2024.

_____s/ Aaron P. Hisel_____
Aaron P. Hisel, OSB #161265
Rebeca A. Plaza, OSB #053504
Of Attorneys for Defendants

CERTIFICATE OF SERVICE