Michelle R Burrows, OSB # 861606
MICHELLE R. BURROWS PC
16869 SW 65th Ave. # 367
Lake Oswego, OR 97035
503-241-1955
michelle.r.burrows@gmail.com
www.oregoncivilrights.com

Ezra Glanzer, WSBA # 50365, admitted *pro hac vice*
GLANZER LAW PLLC
2024 W Northwest Blvd.
Spokane, WA 99205
509-326-4526
ezra@glanzerlaw.com

Rian Peck, OSB # 144012
VISIBLE LAW LLC
333 SW Taylor St., Ste. 300
Portland, OR 97204
503-773-0103
rian@visible.law

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| ASHLEY D. ANDREWS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br><br><br>CITY OF SAINT HELENS, a Municipal Corporation, ADAM S. RAETHKE, and EVIN V. EUSTICE,<br><br>        Defendants. | No.: 3:22-cv-01128-YY<br><br><br><br>PLAINTIFF'S SECOND MOTION TO AMEND FIRST AMENDED COMPLAINT BY INTERLINEATION |

1 - PLAINTIFF'S SECOND MOTION TO AMEND FIRST AMENDED COMPLAINT BY INTERLINEATION

Plaintiff moves this court to allow amendment to the First Amended Complaint by interlineation. This is the second request to amend by interlineation. The First Motion to Amend by Interlineation (Doc. 51) was filed by mistake. The court granted Plaintiff's Motion. (Doc. 54). The original version of the Motion was sent by the below signed to the two other Plaintiff's lawyers who made changes notably pointing out other places in the Complaint where problematic language occurred. The revised version should have been filed. Plaintiff emphasizes that she is only seeking ordinary non-economic emotional distress damages. The damages do not implicate neurological or cognitive impairment.

Plaintiff previously advised Defendants of the proposed amendment and raised it during oral conferral with the court. Plaintiff proposes striking "emotional distress," "cognitive impairment," and specific health conditions from paragraphs 29 and 35, and from paragraph 2 of the Prayer, of the First Amended Complaint, as is shown below:

*29.*

*On top of her orbital fracture, Plaintiff has experienced **emotional distress** and continued ~~cognitive and~~ sinus problems because of this incident.*

*35.*

*As a direct and proximate result of Defendant Raethke' unconstitutional and retaliatory acts, Plaintiff suffered extreme physical injury including a broken orbital bone~~, cognitive impairment,~~ and deterioration in her ability to work. Because of the vicious and unconstitutional beating, Plaintiff suffered ~~extreme~~ **emotional distress** ~~psychological harms~~, fear, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.*

PRAYER

2. Compensatory and general (non-economic) damages for past, present, and future pain and suffering, ~~severe~~ emotional distress, humiliation, ~~anxiety, depression~~, loss of enjoyment of life, ~~cognitive impairment, impact on pregnancy~~, and any other general and non-pecuniary damages ~~as opined by plaintiff's experts~~, all in amounts to be proven at trial.

These amendments would remove the apparent need for any neuropsychological exam of Plaintiff as has been requested by Defendants and narrows the case to the basic non-economic damages outlined in Ninth Circuit Uniform Jury Instructions, 5.1 and 5.2.

Dated this 5th day of July 2024.

Respectfully submitted,


/s/Michelle R. Burrows
Michelle R. Burrows OSB86160
Of Attorneys for Plaintiff